DSG: USAO 2025R00124

USDC- GREENBELT
'25 AUG 7 PM 4:39

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| v. | * | CRIMINAL NO. 25-cr-234-TDC |
| | * | |
| **DAIQUAN BARNETT,** | * | (Felon in Possession of a Firearm and |
| | * | Ammunition, 18 U.S.C. § 922(g); |
| **Defendant** | * | Possession with Intent to Distribute |
| | * | Controlled Substances, 21 U.S.C. |
| | * | § 841; Possession of a Firearm in |
| | * | Furtherance of a Drug Trafficking |
| | * | Crime, 18 U.S.C. § 924(c); |
| | * | Forfeiture, 18 U.S.C. § 924(d), |
| | * | 21 U.S.C. § 853, and |
| | * | 28 U.S.C. § 2461(c)) |
| | * | |

\*\*\*\*\*\*\*

## INDICTMENT

### COUNT ONE
**(Felon in Possession of a Firearm and Ammunition)**

The Grand Jury for the District of Maryland charges that:

On or about February 26, 2025, in the District of Maryland, the defendant,

**DAIQUAN BARNETT,**

knowing he had been previously convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm and ammunition—that is, a 9mm Polymer 80 semi-automatic pistol and approximately 16 rounds of 9mm ammunition loaded therein—and the firearm and ammunition were in and affecting commerce.

18 U.S.C. § 922(g)(1)

## COUNT TWO
### (Possession with Intent to Distribute Controlled Substances)

The Grand Jury for the District of Maryland further charges that:

On or about February 26, 2025, in the District of Maryland, the defendant,

**DAIQUAN BARNETT,**

did knowingly possess with the intent to distribute a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

21 U.S.C. § 841(a)(1)

## COUNT THREE
### (Possession of Firearm in Furtherance of a Drug Trafficking Crime)

The Grand Jury for the District of Maryland further charges that:

On or about February 26, 2025, in the District of Maryland, the defendant,

**DAIQUAN BARNETT,**

did knowingly possess a firearm—that is, a 9mm Polymer 80 semi-automatic pistol—in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States—that is, possession with intent to distribute controlled substances, as charged in Count Two of this Indictment.

18 U.S.C. § 924(c)(1)(A)(i)

## FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further finds that:

1. Pursuant to Rule 32.2, Fed. R. Crim. P., notice is hereby given to the defendant that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. § 924(d), 21 U.S.C. § 853, and 28 U.S.C. § 2461(c), in the event of the defendant's conviction under Counts One through Three of this Indictment.

### Narcotics Forfeiture

2. Upon conviction of the offense set forth in Count Two of this Indictment, pursuant to 21 U.S.C. § 853(a), the defendant,

**DAIQUAN BARNETT,**

shall forfeit to the United States, pursuant to 21 U.S.C. § 853(a), (1) any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of any such offenses, and (2) any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of such offenses.

### Firearms and Ammunition Forfeiture

3. Upon conviction of the offenses set forth in Counts One through Three of this Indictment, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), the defendant,

**DAIQUAN BARNETT,**

shall forfeit to the United States any firearms and ammunition involved in such offense.

### Property Subject to Forfeiture

4. The property to be forfeited includes, but is not limited to the following property recovered from the Defendant's residence on February 26, 2025:

    a. a privately manufactured Glock-Type 9mm pistol with no serial number; and

b. approximately sixteen rounds of 9mm ammunition contained therein.

**Substitute Assets**

2. If any of the property described above, as a result of any act or omission of any defendant,

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or,

    e. has been commingled with other property which cannot be subdivided without difficulty,

the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by and 28 U.S.C. § 2461(c), shall be entitled to forfeiture of substitute property up to the value of the forfeitable property described above.

18 U.S.C. § 924(d)
21 U.S.C. § 853
28 U.S.C. § 2461(c)

Kelly O. Hayes /DSL
Kelly O. Hayes
United States Attorney

A TRUE BILL:

**SIGNATURE REDACTED**

Date: August 7, 2025